**NOT FOR PUBLICATION**

MAR 20 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: AVON TOWNHOMES VENTURE, <br><br> Debtor. <br><br> ------------------------------ <br><br> JOE GUERRA, <br><br>   Appellant, <br><br>  v. <br><br> ROBERT JARAMILLO; MOHAMED POONJA, <br><br>   Appellees. | No. 12-60024 <br><br> BAP No. 11-1068 <br><br><br> MEMORANDUM[*] |
| In re: AVON TOWNHOMES VENTURE, <br><br> Debtor. <br><br> ------------------------------ <br><br> RAYMUNDO LUJANO, <br><br>   Appellant, | No. 12-60025 <br><br> BAP No. 11-1069 |

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

ROBERT JARAMILLO; MOHAMED
POONJA,

        Appellees.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Donovan, and Dunn, Bankruptcy Judges, Presiding

Submitted February 6, 2014[**]

Before:  LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

Appellants Joe Guerra and Raymundo Lujano appeal the Ninth Circuit

Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's order

sanctioning them for bad faith under the bankruptcy court's inherent authority.

Reviewing the sanctions order for abuse of discretion, Miller v. Cardinale (In re

Deville), 361 F.3d 539, 547 (9th Cir. 2004), we affirm.

1.  Appellants received appropriate notice and process, and the bankruptcy

court did not violate their due process rights.  The BAP correctly held that the

sanctions here were civil in nature because they were compensatory.  See Lasar v.

---

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

Ford Motor Co., 399 F.3d 1101, 1111 (9th Cir. 2005) ("It is well-established that compensatory fines are civil sanctions in the context of contempt proceedings.").

2. The BAP correctly held that Appellants failed to show prejudice from the alleged ex parte communication. See Ludwig v. Astrue, 681 F.3d 1047, 1055 (9th Cir. 2012) (holding that prejudice must be shown from an ex parte communication). Given the nature of the communication at issue here, we reject Appellants' contention that the alleged ex parte communication required the bankruptcy judge to recuse himself. See, e.g., Blixseth v. Yellowstone Mountain Club, No. 12-35986, 2014 WL 606707, *2 (9th Cir. Feb. 18, 2014) (per curiam) ("While ex parte communications are discouraged, they . . . don't necessarily call for recusal." (citation omitted)).

3. The bankruptcy court did not clearly err in either its "bad faith" determination or its findings concerning Curtis Guerra's role. See Willms v. Sanderson, 723 F.3d 1094, 1099 (9th Cir. 2013) (holding that we review for clear error the bankruptcy court's factual findings).

4. Appellants waived their argument concerning the relevant factors that the bankruptcy court should have considered by failing to raise the argument before the bankruptcy court. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (holding that arguments not raised before the trial court are

3

waived). Although the BAP declined review on the ground of waiver and Appellee raised the issue of waiver in his brief, Appellants did not address the issue. In these circumstances, we decline to exercise our discretion to reach the issue.

**AFFIRMED.**